IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY BETHEA,** | : | |
| Petitioner | : | |
| | : | No. 1:23-cv-00552 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN F. GARZA,** | : | |
| Respondent | : | |

## MEMORANDUM

Pending before the Court is Petitioner Larry Bethea ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) Petitioner, a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), challenges the BOP's classification of his underlying conviction as a crime of violence. (Id.) For the reasons set forth below, the petition will be dismissed.

I.   BACKGROUND

Petitioner is serving a forty-six (46) month term of imprisonment imposed by the United States District Court for the Middle District of North Carolina for his conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 6-1 at 1, ¶ 3; id. at 4.) According to BOP documentation submitted by Respondent, Petitioner entered BOP custody on September 7, 2022 (id. at 4), and his projected release date, via good conduct time, is December 1, 2024 (id. at 1, ¶ 3).

On March 31, 2023, while Petitioner was incarcerated at United States Penitentiary Canaan in Waymart, Pennsylvania, he commenced the above-captioned action by filing his Section 2241 petition (Doc. No. 1) and subsequently paying the requisite filing fee.  In response to receiving the petition and filing fee, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to respond to the allegations in

the petition within twenty (20) days. (Doc. No. 4.) On June 6, 2023, Respondent filed a response, asserting that the Court should dismiss the petition because Petitioner did not exhaust administrative remedies before petitioning the Court and because, alternatively, the Court lacks jurisdiction over Petitioner's claim concerning his custody classification. (Doc. No. 6.)

On June 30, 2023, Petitioner filed a motion seeking (1) an extension of time in which to file a reply to Respondent's response and (2) clarification of missing information on page seven (7) of Respondent's response. (Doc. No. 7.) On July 10, 2023, the Court granted Petitioner's motion, directed Petitioner to file his reply on or before August 14, 2023, and instructed Respondent to clarify what he intended by the last sentence on page seven (7) of his response. (Doc. No. 8.) That same day, Respondent filed an amended response to Petitioner's Section 2241 petition. (Doc. No. 9.) As reflected by the Court's docket, Petitioner has not filed a reply or sought any additional time in which to do so. Thus, the instant Section 2241 petition is ripe for the Court's resolution.

**II.    DISCUSSION**

Generally speaking, Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the United States Court of Appeals for the Third Circuit has defined this phrase to mean "put into effect" or "carry out." See id. at 243 (citation and internal quotation marks omitted).

2

As a result, under Section 2241, a federal prisoner may challenge conduct undertaken by the BOP that affects the duration of the prisoner's custody.  See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's petition is actionable under Section 2241 where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence).  A federal prisoner may also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment."  See, e.g., Cardona, 681 F.3d at 536–37 (providing that a federal inmate's petition is actionable under Section 2241 where the inmate attacks the execution of his sentence by showing that the BOP acted in a way that is "inconsistent with a command or recommendation in the [inmate's] sentencing judgment").

Here, Petitioner challenges the BOP's classification of his conviction under 18 U.S.C. § 922(g)(1) as a crime of violence.  (Doc. No. 1.)  In support, he alleges that "[d]esignation of said crime[,]" as a crime of violence, "has been ruled unconstitutional" by the United States Supreme Court in United States v. Taylor, 142 S.Ct. 2015 (2022).  (Id. at 1.)  Due to this recent precedent, Petitioner appears to assert that BOP Program Statement 5162.05 is no longer valid.[1]  See (id. at 2).  As for relief, Petitioner seeks an order that would require the BOP to: (1) amend his "federal file" to reflect that his conviction is a nonviolent offense; (2) adjust "any and all classification and security level values used in the placement of . . . [P]etitioner[;]" and (3) allow Petitioner "to become eligible for any program or benefit that any other inmate with a [nonviolent] crime is eligible . . . to avoid unnecessary disparities among prisoners[.]"  (Id. at 3.)

---

[1] Although Petitioner has not submitted a copy of BOP Program Statement 5162.05 into the record, it is publicly available on the BOP's website at the following address: https://www.bop.gov/policy/progstat/5162_005.pdf.  As reflected by the BOP's website, this Program Statement relates to "Categorization of Offenses."

Based upon Petitioner's claim and requested relief, the Court agrees with Respondent (Doc. No. 6 at 7–11) that Petitioner does not challenge any BOP conduct that is affecting the <u>duration</u> of his custody.  For example, Petitioner does not challenge the manner in which the BOP is computing his federal sentence.  Petitioner also does not identify any BOP conduct that conflicts with express statements in his sentencing judgment.  Thus, the Court will dismiss the instant petition for failure to state a cognizable claim under Section 2241.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973) (explaining that the "essence of habeas corpus" is a challenge to the fact or duration of a petitioner's imprisonment); <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002) (stating that the "core of habeas" concerns "the validity of the continued conviction or the fact or length of the sentence . . . "); <u>see also</u> <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001) (stating that "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence" (citations omitted)).[2]

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss the instant Section 2241 petition without prejudice.  (Doc. No. 1.)  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania

---

[2] In light of this ruling, the Court need not address Respondent's remaining argument—<u>i.e.</u>, that Petitioner failed to exhaust administrative remedies.  (Doc. No. 6 at 3–7.)